[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs have objected to the defendants' request to revise the plaintiffs' complaint by deleting a paragraph thereof.
The complaint contains one count alleging that the defendants, domiciled in Connecticut, are the owners and keepers of a dog; that, on January 5, 1992, they had their dog with them at their condominium in Ludlow, Vermont; that while the plaintiff, Amy Tolsdorf, was visiting this condominium, she was viciously attacked by the dog and was severely injured as a result; and that the injuries were caused by the defendants' negligent supervision of the dog. CT Page 3930
This Court also alleges, in paragraph 8, a statutory cause of action arising under Conn. Gen. Stat. Sec. 22-357, a Connecticut statute making the owner or keeper of a dog causing damage strictly liable therefor. The defendants have requested that the complaint be revised by deleting this paragraph. They base their request on the inapplicability of Connecticut law to the alleged injuries sustained in Vermont. The plaintiffs have objected to this request claiming that Connecticut law should prevail.
Although no party presented evidence at the hearing on this objection, certain other facts appear undisputed and were relied upon by counsel during oral argument. The Court has considered these facts in arriving at its decision, see Rosenblit v. Danaher, 206 Conn. 128 (1988), p. 136. The additional facts are that the dog was usually kept in Connecticut; that the relationship among the parties stemmed from occasional contact in Vermont; that the defendants' homeowner's insurance policy which covered the condominium in Vermont where the attack allegedly occurred was issued in Connecticut; and that Vermont has no comparable strict liability statute regarding dogs.
While the Court feels a motion to strike would have been a more appropriate method of contesting the sufficiency of the statutory cause of action, the Court will address this issue in the procedural posture assumed by the parties.
Under the case of O'Connor v. O'Connor, 201 Conn. 632
(1986), the categorical allegiance to the doctrine of lex loci delicti was abandoned, Ibid., p. 648. In its place, the guidelines set forth in Section 145 and 6 of the Restatement Second of Conflict of Laws were adopted. Under the Restatement, among the factors to be considered to determine the applicable law are the contacts the case has with one forum or another, such as the place where the injury occurred; the residency and domicile of the parties; and the place where the relationship between the parties is centered.
The Court is persuaded that, under the Restatement analysis, the law of Vermont ought to control this case.
In O'Connor, supra, the presence of the Connecticut parties in Quebec was incidental. Their relationship, the parties were married after the incident, was centered in Connecticut. In the present case, the domicile of the parties in Connecticut appears incidental. The relationship which prompted the visit to the Vermont condominium was centered in Vermont. There is no indication that the parties ever had contact with each other outside Vermont. CT Page 3931
Also, the state of Vermont may have different policies regarding the proper management of dogs than exists in Connecticut. Leash laws, roaming dog statutes, etc. in Connecticut may be unwarranted in Vermont because of geographic and demographic dissimilarities. The Restatement recognizes that the relative interests of the competing forums are relevant factors in deciding whose law applies, Ibid, p. 651. Certainly, Vermont has a right to regulate canine activity, as it deems necessary, where that activity takes place within its territory. To apply Connecticut law as to civil liability for the same conduct seems unwarranted.
Additionally, in the O'Connor case the law of Quebec barred recovery altogether, Ibid, p. 635. There is no similar bar in the case sub judice. Our Supreme Court recognized that "if the defendants' negligent conduct, rather than the right to sue, had been at issue," the result may have been different, Ibid, p. 658.
Section 146 of the Restatement expresses a preference to have the law of the state where the injury occurred determine the rights and liabilities of the parties, unless some other state has a more significant relationship. In this case the injury occurred in Vermont, the alleged negligence occurred in Vermont, and the relationship among the parties was centered in Vermont. The Court cannot conclude that Connecticut has a more significant relationship to the cause of action because all the parties usually live in Connecticut.
The objection to the request to revise is overruled.
BY THE COURT, HONORABLE SAMUEL SFERRAZZA SUPERIOR COURT JUDGE